# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 11-988-RGK (RZx)** | Date | February 7, 2011 |
|---|---|---|---|
| Title | ***DEUTSCHE BANK v. MAXIMINO FLORES, et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT   [JS-6]**

On February 1, 2011, Defendants Maximino Flores and Epifania Flores, representing themselves in pro se, removed this action from the Los Angeles County Superior Court of California to the United States District Court, Central District of California on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendants state that the basis for removal is that the claims arise under federal law. Defendants fail to point out what federal laws or portions of the Constitution have purportedly been violated. The Court's careful review of the Complaint filed by Deutsche Bank National Trust Co. ("Plaintiff") on August 20, 2010, shows that Plaintiff raised no federal question therein. Plaintiff's Complaint is a discrete action for unlawful detainer, an action which exclusively invokes authority pursuant to California statute. The Complaint does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Defendants cannot confer jurisdiction upon the Court by attempting to attach a federal question to his Notice of Removal. Accordingly, Defendant's removal is improper for lack of federal question jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 11-988-RGK (RZx)** | Date | February 7, 2011 |
|---|---|---|---|
| Title | *DEUTSCHE BANK v. MAXIMINO FLORES, et al* | | |

    For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | slw/ak |